

FILED
APR 16 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

```
************************************************************************
                                *
UNITED STATES OF AMERICA,       *         CR 84-10021
                                *
           Plaintiff,           *
                                *         ORDER
                                *
    -vs-                        *
                                *
                                *
DARRELL W. RAUSCH and           *
WILLARD NIEUWSMA,               *
                                *
           Defendants.          *
                                *
************************************************************************
```

Defendants pleaded guilty to conspiracy to commit mail fraud in connection with a check kiting scheme involving the Campbell County Bank and the Bank of Hoven, both South Dakota banks. The specifics of the check kiting scheme are described in United States v. Nieuwsma, 779 F.2d 1359, 1360-61 (8th Cir. 1985). Nieuwsma was sentenced to 15 months imprisonment on January 31, 1985, and Rausch was sentenced to 24 months imprisonment on April 2, 1985. On December 22, 2003, defendants filed a motion (Doc. 3) for a declaratory judgment seeking to void the criminal judgments entered herein. The motion was construed as a petition for a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, and was denied. Defendants appealed and the United States Court of Appeals for the Eighth Circuit summarily affirmed.

Defendants filed a second and successive petition for a writ of *coram nobis* in December 2009. That motion was denied. Defendants have filed a request for reconsideration and a motion for the disclosure of grand jury records.

Defendants contend that the U.S. District Court lacked jurisdiction because (1) neither the Bank of Hoven nor the Campbell County Bank lost money because of the check kiting scheme, and (2) no agents of the banks testified before the grand jury. I previously held that the defendant's pre-indictment plea agreements and subsequent guilty pleas waived any claim concerning the sufficiency of the indictment and that there is no legal requirement that the

government prove that any bank lost money as a result of the check kiting scheme. *See* Order denying petition for a writ of *coram nobis*, Doc. 7, filed February 22, 2005.

This court summarily denies motions for reconsideration. The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court." This issues defendants raise have been raised and relief denied on several occasions.

A motion to disclose grand jury material must be accompanied by a showing "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release." United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). The Eighth Circuit has noted that "a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement." United States v. Broyles, 37 F.3d at 1318. I have previously ruled that defendants waived any challenge to the sufficiency of the indictment. Defendants have not satisfied the "particularized need" requirement.

Now, therefore,

IT IS ORDERED:

1. Defendants' motion, Doc. 23, for reconsideration is denied.

2. Defendants' motion, Doc. 24, for the disclosure of grand jury records is denied.

Dated this 15th day of April, 2010.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Poepke*
DEPUTY
(SEAL)